Statement of the Case.
MONROE, C. J.
This suit was brought originally by Martha A. Ganey (erroneously called Marchia Q. Ganey), widow by first marriage of Marcus L. Clarkson, and by second marriage of W. A. Ganey, with whom *269 were joined the children .(all majors) and heirs of said Ganey, demanding to he recognized as the owners in indivisión, of the S. W. % of section 10, township 7 N., range 3 E., Louisiana meridian, containing 160 acres of land, of which they alleged that the Good Pine Lumber Company and the Trout Creek Lumber Company were claiming the ownership, through mesne conveyances from J. E. Whatley and J. N. Gray. At the inception of the proceedings defendant ruled the counsel by whom the suit had been brought into court, to show his authority for bringing it on behalf of Mrs. Ganey, and, it having been shown that as to her he had acted under a misapprehension and without authority, she was eliminated, after which there was judgment rejecting the demands of the other plaintiffs, and they have appealed. The transcript was filed in this court more than three years ago, but the appellants have not been, and are not now, represented by counsel, and no brief has been filed in their behalf; our understanding of the matter being that the counsel originally employed departed this life, and that no other counsel have been employed in his stead. The transcript having been found defective, has been amended, on motion of counsel for the appellees, by the production of pleadings and documentary evidence and admissions which had been omitted, and, as thus amended, discloses the following facts, to wit:
The land in controversy was entered by Marcus L. Clarkson on September 24, 1883, during the marriage- between him and his wife, Martha. He died on July 29,1884, leaving her as his widow, and several children, issue of the marriage; and on November 8, 1891, she married W. A. Ganey, a widower with several children by a previous marriage, and continued to be his wife until his death, without issue from the marriage, on August 10, 1910, but leaving the children of his previous marriage. Prior to her marriage to Ganey, the widow Clarkson attempted to make the proof of actual settlement, etc., upon the land in question, necessary to entitle her to the final certificate and patent,, but was unsuccessful, because “the proof was taken” on February 12, 1889, whereas the date advertised was January 25, 1889. The intention to make the proof was then again advertised for January 25, 1892, and was made upon that day, but further delay resulted from technical causes, and the final certificate entitling the applicant to a patent was not issued until August 11, 1896, and the patent was not issued until July 3, 1897. Thereafter, on July 29, 1902, Mrs. Ganey and her Clarkson children united in executing an act of a sale of the land to J. E. Whatley and J. N. Gray. On December 8,1900, a similar instrument’ was executed by Martha A. Ganey alone and the same vendees.
On May 19, 1902, a similar instrument was executed by Martha A. Ganey and the same vendees, to which, after the signatures, appears the following:
“I authorize my wife to make the foregoing sale and sign this act. This 19-th day of May, 1902. . [Signed] Jno. 15. Gray.”
Finally in . deraigning their title defendants set out in paragraph 10 of their answers, as links 5 and 5a the following:
“(5) Martha A. Ganey and children to J. E. Whatley and J. N. Gray. Warranty deed, dated July 29, 1902, recorded August 19, 1902, Conveyance Book 6, p. 11. This deed was signed by the following vendors who are said to be the sole heirs of Martha A. Ganey, to wit: Carey Clarkson, A. C. Clarkson', M. L. Clarkson, J. P. Clarkson, and Martha A. Ganey.
“(5a) Deed of authorization and ratification by W.- A. Ganey making reference to the said last-mentioned deed, dated July 29, 1902, authorizing and ratifying act of his wife, said Martha A. Ganey, said deed dated September 10, *271 1908, Book 23, p. 360, Catahoula parish; also of record in La Salle parish, Record Book —, P- —
The act of authorization and ratification thus mentioned does not appear to have been copied in the transcript, but it is referred to in the “admissions” as follows:
“V. It is admitted that the document marked Defendant’s Exhibit A, attached to the answer, not [was?] executed by W. A. Ganey on September 10, 1908, in the presence of J. H. Lacroix and L. E. Young, witnesses, and on the same day was acknowledged by the said W. A. Ganey before O. U. Robinson, notary public, and is duly recorded as alleged in the answer, in the parishes of Catahoula and La Salle.
“VI. It is admitted that the chain of title set out by the defendants, in paragraph 10 of the answer, Nos. 1 to 11, inclusive, is evidenced by the respective deeds, recorded as alleged, and the production of the original or certified copies of same is waived and dispensed with.”
As thus deraigned, the title is shown to have passed by mesne conveyance from Mrs. Ganey to the Good Pine and Trout Creels Lumber Companies, and their immediate authors in title have been called, and have called their authors, in warranty.
Opinion.
The suit is brought upon the theory that, by reason of the circumstances stated, the title to the land in question vested in the community which existed between Mrs. Ganey and W. A. Ganey, her last husband, and that upon Jiis death his interest devolved upon his children and heirs. It is unnecessary, for the purposes: of this case, to go beyond Ganey’s act of September 10, 1908, whereby he, being the head and master of the commu: nity, ratified the sale which his wife had made, and which, as thus ratified, devested him and the community of any interest which he, or it, may have had in the land, and left nothing for his heirs to inherit.
The judgment appealed from is therefore affirmed.